FILED

2018 SEP -7 PM 2:53

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF FLORIDA

NOELLE SANTSPREE,            )
                             )   Case No.: 6:18-CV-1465-ORL-31-KRS
        Plaintiff,           )
                             )   COMPLAINT AND DEMAND FOR
   v.                        )   JURY TRIAL
                             )
TRANSWORLD SYSTEMS, INC.     )   (Unlawful Debt Collections Practices)
                             )
        Defendant.           )
                             )

# COMPLAINT

NOELLE SANTSPREE ("Plaintiff"), by and through her attorneys, Kimmel & Silverman, P.C., alleges the following against TRANSWORLD SYSTEMS, INC. ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227 *et seq.* and the Florida Consumer Collection Practices Act, Florida Statute §559.55 *et seq.* ("FCCPA").

## JURISDICTION AND VENUE

2. This Court's jurisdiction arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331, which grants this Court original jurisdiction of all civil actions arising under the laws of the United States.

3. Pursuant to 28 U.S.C. §1367(a), this Court has supplemental jurisdiction over Plaintiff's claims under the Florida Consumer Collection Practices Act, Fla. Stat. ("FCCPA"), § 559.55, et seq., because those claims share a common nucleus of operative facts with Plaintiff's claims under the TCPA. See LeBlanc v. Unifund CCR Partners, 601 F.3d 1185 (11th Cir. 2010).

4. Defendant regularly conducts business in State of Florida, therefore personal jurisdiction is established.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

6. Plaintiff is a natural person residing in Deltona, Florida 32738.

7. Plaintiff is a "person" as that term is defined by 47 U.S.C. §153(39).

8. Plaintiff is a "consumer" as defined by the FCCPA and is a person whom the act was intended to protect, FCCPA, Fla. Stat. § 559.55(8).

9. Defendant is a corporation with its principal place of business located at 500 Virginia Drive, Suite 514, Fort Washington, PA 19034.

10. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39),

11. Defendant is a "creditor" as that term is defined in the FCCPA, Fla. Stat. § 559.55(5).

12. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

PLAINTIFF'S COMPLAINT

## FACTUAL ALLEGATIONS

13. Plaintiff has a cellular telephone number.

14. Plaintiff has only used this number as a cellular telephone

15. Beginning in or around early June 2017 and continuing through in or about late August 2017, Defendant placed repeated harassing telephone calls to Plaintiff.

16. Upon information and belief, at all relevant times Defendant was contacting Plaintiff in an attempt to collect a "consumer debt" or "debt" as defined by Fla. Stat. §559.55(6).

17. Defendant's collectors called Plaintiff from telephone numbers including, but not limited to: (321) 204-3876. The undersigned has confirmed that this number belongs to Defendant.

18. When contacting Plaintiff, Defendant used an automated telephone dialing system and/or a pre-recorded voice.

19. Plaintiff knew that Defendant was using an automated telephone dialing system and/or a pre-recorded voice as she would often answer the telephone and there would be a long pause or delay before the call would be disconnected or she would hang up.

20. Defendant's calls were not for emergency purposes.

21. Attempting to stop Defendant's annoying and incessant calls, Plaintiff contacted Defendant in or around early July 2017 and asked Defendant to stop calling her.

22. Despite knowing that she did not want calls, Defendant continued to call Plaintiff through August 2017.

23. Plaintiff again reiterated this request for calls to cease in mid-July 2017, but the calls continued despite both requests.

24. Once Defendant was aware that its calls were unwanted, its continued calls could have served no lawful purpose other than harassment.

25. Defendant's calls were upsetting and unnerving to Plaintiff throughout this time period.

## COUNT I
### DEFENDANT VIOLATED THE TCPA

26. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

27. Defendant initiated automated calls to Plaintiff using an automatic telephone dialing system.

28. Defendant's calls to Plaintiff were not made for "emergency purposes."

29. Defendant's calls to Plaintiff after he told them to stop calling were not made with Plaintiff's prior express consent.

30. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

31. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

32. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and treble damages.

## COUNT II
## DEFENDANT VIOLATED THE FCCPA

33. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

34. Any person attempting to collect a consumer debt violate § 559.72(7) by willfully communicating with the debt with such frequency as can reasonably be expected to harass the debtor or willfully engaging in other conduct which can be reasonable excepted to abuse or harass, the debtor, such as causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass.

35. Defendant violated § 559.72(7) when it called Plaintiff repeatedly in its attempts to collect an alleged debt and continued to call Plaintiff relentlessly despite being informed by Plaintiff that she did not want to be contacted by Defendant and to stop calling her cellular telephone number.

WHEREFORE, Plaintiff, MARTEL ANDERSON, respectfully prays for judgment as follows:

a. All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

b. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

c. Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

d. Injunctive relief pursuant to 47 U.S.C. § 227(b)(3);

e. Statutory damages of $1,000.00 pursuant to Florida Consumer Collection Practices Act, Fla. Stat. §559.77;

  f. Costs and reasonable attorneys' fees pursuant to Florida Consumer Collection Practices Act, Fla. Stat. §559.77; and

  g. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, NOELLE SANTSPREE, demands a jury trial in this case.

Respectfully submitted,

Dated: August 31, 2018

*/s/ Amy L. Bennecoff Ginsburg*
Amy L. Bennecoff Ginsburg
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, Pennsylvania 19002
Phone: (215) 540-8888
Facsimile: (877) 788-2864
Email: aginsburg@creditlaw.com